IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:22-CV-5-FL

| | | |
|---|---|---|
| DONNIE SARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion for attorney fees, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (DE 28). The motion has been briefed fully and the issues raised are ripe for ruling. For the following reasons, the motion is denied.

## BACKGROUND

On February 4, 2016, and April 21, 2016, plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning September 22, 2015. The applications were denied initially and upon reconsideration. A first hearing was held on July 23, 2018, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in an initial decision dated November 29, 2018. On January 13, 2020, the appeals council remanded to the ALJ for consideration of additional medical records received in October 2018. On May 12, 2020, the ALJ held a second hearing after which she determined again that plaintiff was not disabled in decision dated July 14, 2020. On July 8, 2021, the appeals council denied plaintiff's request for review, making defendant's decision final

with respect to plaintiff's claims. Plaintiff commenced the instant action January 7, 2022, seeking judicial review of defendant's decision.

In a memorandum and recommendation ("M&R") entered November 3, 2022, United States Magistrate Judge Robert T. Numbers, II, recommended affirming defendant's decision. In addressing plaintiff's claim that the administrative law judge ("ALJ") erred in determining her residual functional capacity, the M&R determined:

> After reviewing the parties' arguments, the undersigned has determined that the ALJ reached the appropriate determination. The ALJ correctly determined [plaintiff's] RFC, including finding that her use of a cane was not medically necessary. And [plaintiff] has failed to establish she has greater limitations with her upper extremities than reflected in the RFC.

(M&R (DE 21) at 1).

Upon de novo review, March 27, 2023, this court adopted in part and rejected in part the M&R, and remanded the case to defendant for further proceedings. See Sarden v. Kijakazi, No. 7:22-CV-5-FL, 2023 WL 2646263, at *7 (E.D.N.C. Mar. 27, 2023) (DE 26). In particular, the court rejected that part of the M&R regarding plaintiff's use of a cane, and held that on this issue remand "is appropriate here because of unexplained conflicts in the evidence and other factors that frustrate meaningful review." Id. *6. In contrast the court held that "the magistrate judge correctly determined that plaintiff failed to demonstrate that she has greater limitations with her upper extremities than the RFC reflects." Id.

Plaintiff then filed the instant motion seeking $19,771.26 in attorney's fees on the basis that defendant was not substantially justified in all positions taken in administrative and court proceedings. Plaintiff relies upon 1) her fee contract with counsel, 2) time records and calculations of amount sought, 3) Consumer Price Index for March 1996 to present, and 4) affidavits of attorneys George C. Piemonte, Laura Beth Waller, Denise Sarnoff, and Jonathan Heeps.

2

Defendant responded in opposition and plaintiff replied, seeking an additional $357.43 for time spent preparing the reply.

## DISCUSSION

A.  Standard of Review

The EAJA provides for an award of reasonable attorney's fees and expenses in accordance with the following provision:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was <u>substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). In addition, the statute provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . . The party shall also allege that the position of the United States was <u>not substantially justified</u>. Whether or not the position of the United States was <u>substantially justified</u> shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

<u>Id.</u> § 2412(d)(1)(B) (emphasis added). "'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." <u>Id.</u> § 2412(d)(2)(D).

Although the phrase "substantially justified" is not defined in the statute, the Supreme Court has interpreted the phrase to mean "justified to a degree that could satisfy a reasonable person." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." <u>Id.</u> at 566 n.2. The phrase, thus, does not connote "'justified to a high degree,' but rather 'justified in

3

substance or in the main.'" Id. at 565. As such, the standard is comparable to one that is "satisfied if there is 'a genuine dispute,'" or "if reasonable people could differ as to the appropriateness of the contested action." Id. "The United States has the burden of showing that its position was substantially justified." United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013).

"[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). "[M]erits decisions in a litigation, whether intermediate or final . . . obviously must be taken into account both by a district court in deciding whether the Government's position, though ultimately rejected on the merits, was substantially justified, and by a court of appeals in later reviewing that decision for abuse of discretion." EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994).

B.  Analysis

Plaintiff argues that not all positions taken by defendant in administrative and court proceedings in her case were substantially justified. The court disagrees.

Defendant's positions in this case were substantially justified because they had both a "reasonable basis in law and fact" and were supported to the point that "a reasonable person could think [them] correct." Pierce, 487 U.S. at 565. This is demonstrated in the instant record by the M&R, which determined that the ALJ's decision should be affirmed notwithstanding all points of error raised by plaintiff. See Clay Printing Co., 13 F.3d at 815; see, e.g., Hodge v. Berryhill, No. 5:15-CV-248-FL, 2017 WL 758494, at *2 (E.D.N.C. Feb. 27, 2017) (holding that "[t]he M&R's

4

assessment demonstrates that 'reasonable people could differ as to the appropriateness of the contested' argument," quoting Pierce, 487 U.S. at 565).

Furthermore, although this court ultimately rejected the recommendation in the M&R as to plaintiff's claim based upon use of a cane and walker, the court's own analysis demonstrates that defendant's position presented "a genuine dispute." Pierce, 487 U.S. at 565. The court noted at the outset of its analysis that "this presents a close case under the applicable standard of review." Sarden, 2023 WL 2646263 *2 (emphasis added). That determination reflects the court's view, at the time of the court's decision on the merits, and now, that "reasonable people could differ as to the appropriateness of the contested action." Pierce, 487 U.S. at 565.

Two additional factors contributed to the closeness of the case and thus the reasonableness of defendant's position. First, the court noted that "the United States Court of Appeals for the Fourth Circuit has not addressed standards for taking into account use of a cane in an RFC determination." Sarden, 2023 WL 2646263 *6. Second, the court noted it was relying upon "subtle distinctions in the case precedents," id., including comparison to one prior case before this court affirming a decision by defendant despite an "ALJ's error in miscounting references to a cane." Id. (citing Emanuel v. Saul, No. 7:19-CV-202-FL, 2021 WL 1217309, at *3 (E.D.N.C. Mar. 31, 2021)). Defendant's reliance on such case precedents provided substantial justification for defendant's position in this case. (See, e.g., Def's Resp. Objs. (DE 24) at 2-3; Def's Mem. (DE 19) at 6-7). Having reviewed defendant's briefs previously, and re-reviewed them upon the instant motion, the court finds defendant made appropriate and necessary arguments in light of the varied case precedents.

Plaintiff suggests that defendant was not substantially justified in her position because this court ultimately determined that "the ALJ failed to consider and evaluate conflicting medical

5

evidence," which is a duty reflected in Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and defendant's own regulations. (Pl's Reply (DE 31) at 4-5 and n. 9). This argument is unavailing. While the broad legal principles noted by plaintiff and this court in remanding are well established, the application of those principles to the circumstances of this case was not straightforward and open to genuine dispute. Defendant reasonably noted in her brief countervailing standards supporting her position, including that "remand is not proper if 'the agency's path may reasonably be discerned,'" (Def's Resp. Objs. (DE 24) at 3-4 (quoting Garland v. Ming Dai, 141 S.Ct. 1669, 1679 (2021)). Defendant further reasonably provided citations to the record in supporting her position that the ALJ adequately explained her decision regarding plaintiff's use of a cane. (Def's Mem. (DE 19) at 5-6).

Plaintiff also argues that "[a]s the Defendant has not alleged that all her positions, in the underlying administrative proceedings and in all stages of the court review, were substantially justified, the Court should find the Defendant has not met her burden of showing that her position was substantially justified." (Reply (DE 31) at 3). However, defendant does in fact allege that "[t]he Commissioner's defense of this case was substantially justified at all stages of the proceedings." (Resp. (DE 30) at 2) (emphasis added). Furthermore, plaintiff's argument is without merit because there was only one claim of error by plaintiff upon which defendant did not prevail, and defendant has demonstrated for all the reasons stated herein that its position on that claim was reasonable, particularly where the magistrate judge agreed with defendant's position and rejected plaintiff's claim of error.

In sum, defendant has demonstrated that its position in this case was substantially justified. Therefore, plaintiff's motion must be denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion for attorney fees under the EAJA (DE 28) is DENIED.

SO ORDERED, this the 27th day of October, 2023.

                                                    LOUISE W. FLANAGAN
                                                    United States District Judge